[Civ. No. 21922.   Second Dist., Div. One.   Dec. 10, 1956.]

JACK M. BROWN et al., Respondents, v. FRANK S. JEROME et al., Appellants.

Macbeth & Ford, Norman Macbeth and Moira D. Ford for Appellants.

Henry A. Fox for Respondents.

DORAN, J.—As stated in the appellants' brief, "There is remarkably little dispute about the facts in this case." On September 15, 1954, the parties entered into a written agreement whereby appellants Jerome agreed to sell and respondents agreed to buy certain unimproved land at a price of $1.25 per square foot, or a total of $27,630, payable in four annual installments commencing May 1, 1955, conveyance of the land to be made on final payment.

Paragraph 6 of the agreement, reads as follows:

"6. Security. Immediately upon the execution hereof, Purchasers shall pay $10,000 to Sellers. If, on or before February 1, 1955, Purchasers have entered into a contract for the construction on said land of a building containing approximately 5,000 square feet of floor space and the second foundation of such building is formed in and ready for the pouring of concrete, Sellers shall return such $10,000 to Purchasers; but, if this does not occur, Sellers may retain such $10,000 and the rights and obligations of both parties hereto shall immediately terminate."

Paragraph 9 provided that purchaser should do no rendering on the land for a period of 20 years. Paragraph 10 provided that the purchasers would sell to appellant Baker Rendering Corporation all offal produced by purchasers at

the slaughter house packing plant to be erected by purchasers on said land.

The purchasers took possession of the land, proceeded to have plans drawn, and on December 27, 1954, entered into a cost-plus construction contract with a contractor. On February 7, 1955, respondents had trenches dug on the land for foundation purposes. On the same day appellants received notice from Jerome to get off the land and to stop work, followed by a letter, dated February 7, 1955, purporting to terminate the contract and stating that appellants were keeping the $10,000 deposited as security under the contract. The respondents offered to pay appellants the full purchase price, which offer was refused. Thereafter, respondents instituted the present action for breach of contract and to recover the money paid plus damages. The trial court gave judgment for the return of the $10,000 with interest, together with $1,990.74 damages.

It is appellants' contention that "The trial court's interpretation of the contract is erroneous"; that the findings are inconsistent and contradictory, and that there is no support in the record for the findings relating to waiver and estoppel. Appellants also complain that the court erred in the exclusion of evidence of damages offered by appellants; and that respondents failed to prove ability to perform the contract.

As stated in the respondents' brief, it is the rule that an appellate court will not disturb a disputed finding where the record discloses any substantial evidence in support thereof, and in such a situation will not attempt to weigh or reevaluate the evidence. That the record herein does disclose such evidence in support of the trial court's decision cannot be doubted.

The court's finding that there was a waiver by appellants of the February 1, 1955 time limit, and that Jerome extended such limit "for a reasonable length of time" finds support in the respondents' testimony that in December, 1954, Jerome made such statements as, "Well, don't worry about time. I am going to work with you boys. I like you boys. I want to see you get that building up," and "Jack, (Brown) don't worry about the time if it takes you a little longer, I know that you will be happy with your building and so will I."

On February 1, 1955, the time limit specified in the contract, Jerome asked respondent Brownstein "How are you

coming and when do you figure you will get started?'' to which respondent replied, ''I hope to get started by next week,'' and Jerome then said, ''Fine, fine.'' Mr. Jerome testified that up to February 7th, appellant had never ''told either Mr. Brown or Mr. Brownstein that if they didn't get their work done on time, that you would declare the agreement at an end,'' and that ''if they didn't complete on that date that they would forfeit their $10,000.''

There is also evidence to the effect that the respondents relied upon Jerome's statements and proceeded with the work to the extent of digging foundation trenches so that the foundation could have been formed within one to three days after February 7, 1955. The findings that appellants, by declaring a termination were guilty of an anticipatory breach of the contract, and that the respondents had never breached the agreement, are likewise supported by the record.

■ The appellants' contention that ''the only logical interpretation of Paragraph VI (security provision) is that it gave Respondents an option to purchase the property together with the right to occupy the land during the option period for an agreed consideration of $10,000,'' is untenable. As said in the respondents' brief, ''This interpretation not only violates the plain language of said paragraph but is clearly unsupported by the evidence.'' In this connection it may well be noted that the contract was prepared by Jerome's attorney.

■ There is no merit in appellants' claim that the trial court erred in excluding evidence concerning appellants' alleged damages. The court ruled that in the absence of a showing that the offal mentioned in the agreement was not available elsewhere, evidence of damages to appellants for loss thereof was inadmissible. As noted in respondents' brief, ''The agreement does not require purchasers to produce offal but merely provides that in the event offal is produced by respondents . . . it should be sold to appellant, Baker.''

The appellants' argument that ''Respondents failed to prove their ability to perform'' the contract, in that their total resources were shown to be only $40,000 whereas the projected enterprise would cost in excess of $104,000, again relates to the weight of evidence, a matter not open to appellate review where there is any substantial evidence in support of the findings. There was evidence showing that the respondents had access to additional funds from a brother which could be obtained upon request.

A survey of the findings, considered as an entirety, discloses no vital inconsistencies or contradictions, and the record reveals no reversible error of any nature. The agreement between the parties means exactly what it says; no further interpretation is required.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied January 2, 1957, and appellants' petition for a hearing by the Supreme Court was denied February 6, 1957.